# EXHIBIT  A

Filing # 83715141 E-Filed 01/22/2019 03:41:29 PM

*SR #1449*
*1/29/19*
*11:55AM*

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

Louis "Duke" Mendel _____   Case No.: __**19-CA-778**_____

Plaintiff(s)
vs
Nestle Waters North America, Inc. _____   Division: ___**E**_____

Defendant(s)

**SUMMONS**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on
defendant(s) Nestle Waters North America, Inc. C/O CT Corporation System, 1200 South Pine Island Road, Plantation, Florida, 33327 _____

    *Each defendant is required to serve written defenses to the complaint or petition on* Anthony Garcia
plaintiff's attorney, whose address is 742 S. Village Circle, Tampa, FL 33606 _____ within
20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the
defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant
fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
**DATED on** __01/24/19_____

Attorney: **Anthony Garcia** _____

Attorney For: Louis "Duke" Mendel _____

Address: 742 S. Village Circle _____

Tampa, FL 33606 _____

_____

Florida Bar No: 106909 _____

**PAT FRANK**
As Clerk of the Court

By: *V Phillips*

As Deputy Clerk
P.O. Box 989          800 E Twiggs St
Tampa, FL 33601       Room 101
                      Tampa FL 33602
(813)276-8100 extension 4365

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or
one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40
days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

**If you are a person with a disability who needs any accommodation in order to participate
in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.
Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St.,
Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled
court appearance, or immediately upon receiving this notification if the time before the
scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 83715141 E-Filed 01/22/2019 03:41:29 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

| | |
|---|---|
| LOUIS "DUKE" MENDEL | CASE NO.: |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| | **CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | **1. FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT Fla. Stat. § 501.201,** *et seq.* |
| NESTLE WATERS NORTH AMERICA, INC. | **2. FLORIDA IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING** |
| Defendant. | **3. UNJUST ENRICHMENT** |

## CLASS ACTION COMPLAINT

Plaintiff Louis "Duke" Mendel, individually and on behalf of a class of all Florida persons or entities who are similarly situated, files this Class Action Complaint against Defendant, Nestle Waters North America, Inc. ("Nestle").

## NATURE OF THE CASE

1.      Nestle is the largest producer of bottled water in the world. Nestle produces and delivers bottled water and other products to companies and individuals, such as Mr. Mendel, in exchange for a set price. However, in addition to this rate, Nestle also charged its Florida customers a Fee it calls an "OIL/FUEL SURCHARGE" (the "Fee"). Nestle purportedly charges the Fee to recover the increased fuel and oil costs it incurs in delivering its products to its customers. Similarly, by using the term "OIL/FUEL SURCHARGE," Nestle represents to customers that this Fee varies in accordance with Nestle's related increased costs and that the

revenue from the Fee is used to offset those increased costs.

2.     Nestle's representations, omissions, and practices in charging the Fee are deceptive and unfair.  Nestle does not use the proceeds from the Fee to offset its increased fuel and oil costs (or its actual fuel and oil costs).  Further, Nestle includes any increased fuel and oil costs it might incur in providing its services in the price it charges customers for the products.  This results in Nestle already recovering 100% of its increased fuel and oil costs through its base price.  Nestle uses the Fee simply to generate extra profit at its customers' expense, all the while deceiving customers into believing that the Fee is a legitimate charge directly related to actual increased fuel and oil costs it incurs.

3.     Nestle's conduct constitutes a violation of the Florida Deceptive and Unfair Trade Practices Act and a violation of Florida's Duty of Good Faith and Fair Dealing.  Additionally, Nestle was unjustly enriched at Mr. Mendel's expense.  This case presents a prototypical situation for class treatment.  Nestle's conduct—including all relevant practices, representations, and omissions—is uniform among all customers.  The application of shared Florida law to a shared course of conduct will determine liability for the class as a whole, ensuring that the rights of thousands of small businesses and individuals are vindicated through the efficiency of a single trial.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action and venue is proper in this Court.  Nestle does business in the State of Florida and, specifically, in Hillsborough County, Florida.  Nestle has received and continues to receive substantial revenue and profits from the improper Fees in the State of Florida and in Hillsborough County, Florida.  Nestle, a foreign corporation doing business in this state, has an office and location in Hillsborough County, Florida for transaction of its

customary business.

5.     The transaction underlying Mr. Mendel's claim occurred in Hillsborough County, Florida. The conduct giving rise to Mr. Mendel's claims and to the claims of each putative class member occurred in and emanated from the State of Florida in that the deliveries at issue occurred in the State of Florida.

## PARTIES

6.     Plaintiff, Louis "Duke" Mendel is a Florida resident. Mr. Mendel was charged by Nestle and paid to Nestle an "OIL/FUEL SURCHARGE" on multiple occasions and as recently as November 2018. *See* Exh. 1.

7.     Defendant, Nestle Waters North America, Inc. is a Delaware corporation with its principal place of business at 900 Long Ridge Road, Building 2, Stamford, CT, 06902. Nestle does business in Florida and its appointed agent for service of process is CT CORPORATION SYSTEM 1200 S. PINE ISLAND ROAD PLANTATION, FL 33324.

## CLASS REPRESENTATION ALLEGATIONS

8.     Mr. Mendel brings this action as a class action under Florida law pursuant to Rule 1.220 of the Florida Rules of Civil Procedure. Mr. Mendel proposes the following class:

All persons and entities who reside in Florida and who paid Nestle or its related entities an "OIL/FUEL SURCHARGE" within the applicable statute of limitations.

9.     Excluded from the proposed class are members of the judiciary, entities currently in bankruptcy, entities whose obligations have been discharged in bankruptcy, and governmental entities. Also excluded from the class are those customers who executed a valid, binding arbitration agreement; but such customers are only excluded for the time period that such arbitration agreement was in effect.

10.     Mr. Mendel maintains the right to create additional subclasses or classes, if

necessary, and to revise this definition to maintain a cohesive class that does not require individual inquiry to determine liability.

11.    The exact number of class members is unknown to Mr. Mendel at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by Nestle and its agents.  Upon information and belief, the number of putative members of each class exceeds 60 persons and entities.

**EXISTENCE AND PREDOMINANCE OF
COMMON QUESTIONS OF LAW AND FACT**

12.    There are common questions of law and fact of general interest to the class.  These common questions of law and fact predominate over any questions affecting only individual members of the class.  Such common questions include, but are not limited to, the following:

a.   Whether Nestle charges excessive amounts for its Fee.

b.   Whether the Fee is directly related to Nestle's increased cost of fuel and oil or actual cost of fuel and oil.

c.   Whether Nestle uses the Fee to offset its increased fuel and oil costs.

d.   Whether the Fee fluctuates as Nestle's actual fuel and oil costs fluctuate.

e.   Whether Nestle's use of the term "OIL/FUEL SURCHARGE" is deceptive.

g.   Whether Nestle has misrepresented facts about the Fee.

h.   Whether Nestle has omitted material facts about the Fee.

i.   Whether the Fee bears any relation to Nestle's increased costs of fuel and oil or its actual cost of fuel and oil.

j.   Whether Nestle's representations and omissions regarding the Fee constitute a deceptive trade practice.

k.   Whether Nestle has been unjustly enriched by charging the Fee.

l.  Whether the term "OIL/FUEL SURCHARGE" is likely to mislead a reasonable person.

o.  Whether the same law applies to all class members' claims.

p.  Whether Mr. Mendel and class members are entitled to class relief as requested herein.

q.  Whether Nestle is recovering for the same alleged cost twice, i.e. once in the actual rate for products and then again in the actual Fee.

r.  Whether amounts of Fees charged to Nestle customers are "unfair" under Florida law.

s.  Whether Nestle violated Florida's Implied Duty of Good Faith and Fair Dealing when it charged and represented the Fee as it did.

## TYPICALITY AND NUMEROSITY

13.  The claims of Mr. Mendel are typical of the claims of the class. Upon information and belief, the total number of members of the putative class exceeds 60 members and is so numerous that separate joinder of each member is impracticable.

## ADEQUATE REPRESENTATION

14.  Mr. Mendel will fairly and adequately protect the interests of the members of the class and have no interest antagonistic to those of other class members. Mr. Mendel has retained class counsel competent to prosecute class actions and such class counsel is financially able to represent the classes.

## SUPERIORITY

15.  The class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is

impracticable. The interests of judicial economy favor adjudicating the claims for the class rather than on an individual basis. The class action mechanism provides the benefit of unitary adjudication, economies of scale and comprehensive supervision by a single court.

16.    Questions of law and fact predominate over any questions affecting only individual members.

## FACTUAL ALLEGATIONS

17.    Louis "Duke" Mendel is an individual residing in Hillsborough County, Florida. Nestle is the largest seller of bottled water and other beverages in the United States with over fifteen brands of beverages[1]. Nestle offers bottled water and other products for sale and delivery to the public for a set price. As with all its customers, Nestle charged Mr. Mendel a certain price for the beverages and products. But in addition to this amount, Nestle also charged Mr. Mendel the Fee that is the subject of this lawsuit.

18.    Nestle charges the Fee purportedly to recover the increased fuel and oil costs it incurs in providing beverages to its customers. Nestle represents that the Fee is directly related to its increased cost of fuel and oil, that the Fee fluctuates as Nestle's fuel and oil cost fluctuates, and that the Fee is used to offset those increased fuel and oil costs. By using the term "OIL/FUEL SURCHARGE"—a term which Nestle has uniformly used on every invoice received by every Class Member charged this Fee—Nestle represents that this fee is directly related to its increased fuel and oil costs and that this fee will be used to defray such costs.

19.    In actuality, the "OIL/FUEL SURCHARGE" is unrelated to Nestle's actual or increased fuel and oil costs and certainly is not charged to defray those increased costs. The Fee

---

[1] Nestle brands include Acqua Panna, Arrowhead, Dear Park, Ice Mountain, Nestea, Nestle Pure Life, Ozarka, Perrier, Poland Spring, Resource Natural Spring Water, S. Pellegrino, San Pellegrino, Sweet Leaf Iced Teas, Tradewinds, and Zephyhills.

does not vary or fluctuate in accordance with Nestle's actual increased fuel and oil costs and the method by which Nestle determines the Fee has no relation to its increased fuel and oil costs or any changes in those costs.

20.     Nestle has done no legitimate analysis to determine the proper amount of the Fee in connection to its increased fuel and oil costs. Nestle does not apply the money received from the Fee to offset its increased fuel and oil costs; rather, it is recognized as revenue and contributes directly to Nestle's profit. Additionally, the increased fuel and oil costs Nestle purportedly recovers through the Fee are already recovered in whole through the rates it charges for the beverages and products its delivers to customers. This rate includes the individual component costs of Nestle's business, including—specifically—the costs of fuel, oil, and other overhead.

21.     Nestle also has omitted material facts regarding the Fee. For example, Nestle does not disclose that the Fee is not related to Nestle's increased fuel and oil or actual fuel and oil costs, that the Fee is not applied to Nestle's fuel and oil costs, and that the Fee is recognized as profit. Nestle does not disclose its actual fuel and oil costs to customers nor does it disclose the actual methodology used to calculate the Fee. In truth, Nestle devised, implemented, and set the amount of the "OIL/FUEL SURCHARGE" simply to increase its profits without any intent of recovering the increased fuel and oil costs it incurs in servicing customers.

22.     Nestle, at some time in the past, did not charge the Fee or similar surcharges to its customers. Any purported fuel and oil costs were recovered in the product price, the same as other overhead costs. Nestle, however, figured out that it could substantially increase revenue by charging this deceptive Fee as set out herein. Nestle recovers the same alleged costs twice from its customers. Such practice constitutes "double-dipping."

23.     Nestle has consistently and continually misrepresented the nature and purpose of

the Fee.   It does so to mislead its customers into believing that this is a legitimate fee which is directly related to increased fuel and oil costs Nestle incurs in delivering bottled water and other products to customers.  This practice was designed by Nestle to deceive its customers and is likely to deceive those customers acting reasonably under the circumstances.   Nestle's misrepresentations, omissions, and deceptive practices did in fact deceive Mr. Mendel and Nestle's other Florida customers to their detriment, in that each paid a Fee.

## FIRST CAUSE OF ACTION

### VIOLATION OF FLORIDA'S DECEPTIVE AND
### UNFAIR TRADE PRACTICES ACT

24.      All allegations and paragraphs in this complaint are incorporated by reference.

25.      Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* ("FDUTPA"), prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

26.      The stated purpose of FDUTPA is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.202.

27.      Mr. Mendel and each member of the putative class, as "consumers" under FDUTPA (Fla. Stat. § 501.203(7)), have been harmed by Nestle's unconscionable, deceptive, and unfair acts and practices in the charging of the Fee.  Nestle characterizes the Fee as a legitimate charge which is designed to recover its increased costs of fuel and oil but the Fee bears no relation to Nestle's increased fuel and oil costs.  Rather, it contributes directly to Nestle's profit.  Further, Nestle already recovers the fuel and oil costs associated with delivering products through the prices Nestle charges for the products themselves.

28.     Among the misrepresentations Nestle made to Mr. Mendel and its other customers in furtherance of its fraudulent practice, is the naming of the Fee.   The term "OIL/FUEL SURCHARGE" is deceptive because the Fee is, in truth, is not related to Nestle's fuel and oil costs nor is it used to recover those costs.   Further, Nestle represented to Mr. Mendel and each member of the putative class that the Fee is used to offset its fuel and oil costs.   This is also false.

29.     Nestle makes additional misrepresentations regarding the nature and purpose of the Fee and has omitted material facts regarding the Fee.   For example, Nestle does not disclose that the Fee is used solely to increase Nestle's profit.

30.     Specifically, Nestle's deceptive practices directed toward Mr. Mendel and putative class members include:

     a.  Nestle's failure to disclose the excessive amount it charges for its Fee;

     b.  Nestle's representation that the Fee is directly related to its increased cost of fuel and oil or actual cost of fuel and oil;

     c.  Nestle's representation that the Fee is used to offset its increased fuel and oil costs;

     d.  Nestle's failure to disclose that the Fee does not fluctuate as Nestle's actual fuel and oil costs fluctuate;

     e.  The representation that the Fee is actually a fuel and oil surcharge imposed by some governmental organization;

     f.  The failure to disclose that the Fee has nothing to do with Nestle's actual cost of fuel and oil;

     g.  The representation that the Fee is related to Nestle's increased costs of fuel and oil or its actual cost of fuel and oil;

     h.  The failure to disclose that Nestle's actual cost of fuel and oil is not a factor in

Nestle's Fee calculation;

i.   Nestle's failure to disclose to its customers that it is recovering for the same alleged cost twice, *i.e.*, once in the actual price and then again in the actual Fee;

j.   Additional deceptive practices as set out in this Class Action Complaint.

31.   Nestle's misrepresentations, omissions, and deceptive practices as set out herein are likely to mislead reasonable consumers under the circumstances.

32.   Nestle's actions or inactions directed toward Mr. Mendel and putative class members are also unfair.  Such actions or inactions include:

a.   Charging Mr. Mendel and putative class members for the same alleged costs twice, *i.e.* "double dipping";

b.   Charging excessive amounts for Fee;

c.   Charging for a Fee that bears no relation to Nestle's actual or increased fuel and oil costs;

d.   Charging for a Fee which does not include Nestle's actual costs in the calculation of the Fee;

e.   Charging a Fee even when Nestle's actual fuel and oil costs decrease;

f.   Charging the Fee when the Fee is waived for other Florida customers.

33.   As a result of the deceptive and unfair practices described above, Mr. Mendel and each putative class member paid the improper Fee to their detriment.

## SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT

34.   All allegations and paragraphs in this complaint are incorporated by reference.

35.   To the extent necessary, this Count is plead in the alternative to other counts herein.

36.   Nestle received money from Mr. Mendel and each member of the putative class

through the charging of Fees that are fraudulent, deceptive, unfair, and unrelated to Nestle's actual or increased costs. The benefit conferred by Mr. Mendel and each member of the putative class was non-gratuitous and Nestle realized value from this benefit. It would be inequitable for Nestle to retain this benefit.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

37.    All allegations and paragraphs in this complaint are incorporated by reference.

38.    Nestle uses effectively identical, uniform agreements with Mr. Mendel and putative class members for the sale and purchase of products. *See* Exh. 1.

39.    Nestle drafted these agreements and Mr. Mendel performed as required under them most recently in November 2018. Each member of the putative class entered into the same pre-printed, effectively identical contract and was charged the Fee through the same pre-printed, effectively identical invoices.

40.    Nestle's conduct in charging the Fee constitutes a violation of the duty of good faith and fair dealing because the Fee is entirely unrelated to its actual costs or increased costs of fuel and oil. Additionally, the Fee is not a tax, levy, or surcharge that was imposed upon Nestle by another party. Accordingly, Nestle violated its duty.

41.    As discussed above, the Fee is simply a misrepresented profit enhancer and, as such, unfairly interferes with the agreement. Further, in setting and charging the Fee, Nestle acted in bad faith, capriciously, and dishonestly while failing to live up to the reasonable contractual expectations of its customers. Nestle's conduct in charging the unlawful Fee constitutes a violation of the covenant of good faith and fair dealing which exists in each class member's contract.

42.    Nestle's actions and inactions did not comport with the reasonable contractual expectations as it relates to the Fee.

43.    Mr. Mendel and each putative class member have been harmed by the improper imposition of the Fee.

## **PRAYER FOR RELIEF**

44.    Mr. Mendel, on behalf of himself and each member of the putative class, demands all remedies and damages available to him, including repayment of all Fees and a declaration that the practices describe above are deceptive or unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act, restitution, interest, and the attorneys' fees and costs incurred in bringing this action.

## **DEMAND FOR JURY TRIAL**

**Plaintiff demands trial of all issues triable as of right by jury.**

Dated: January 22, 2019                              Respectfully submitted,

*/s/Anthony Garcia*
Anthony Garcia
**AG LAW, P.A**
742 S. Village Circle,
Tampa, FL 33606
Phone:  813.259.9555
Fax 813.254.9555
Anthony@aglawinc.com

Nicholas W. Armstrong*
**PRICE ARMSTRONG, LLC**
2421 2nd Avenue North, Suite 1
Birmingham, AL 35203
Phone: 205.208.9588
Fax: 205.208.9598
nick@pricearmstrong.com

W. Lewis Garrison, Jr. *
Taylor C. Bartlett *
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, AL 35203
Phone: 205.326.3336
Fax: 205.380.0145
lewis@hgdlawfirm.com
taylor@hgdlawfirm.com

*Attorneys for Mr. Mendel*

*Pending admission pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2019, I electronically filed the foregoing with

the Clerk of the Court by using the Florida Courts E-Filing Portal